Argued October 16, 1930; affirmed March 17, 1931

LANE ET UX. *v.* BEVERIDGE ET AL.

(296 P. 872)

*McDannell Brown*, of Portland, for appellants.

*W. H. Morrison*, of Portland (Barry & Morrison, of Portland, on the brief) for respondents.

BEAN, C. J. This action was brought by plaintiffs against Joseph W. Beveridge, county clerk of Multnomah county, Oregon, and National Surety Company, a corporation, his surety. The action is based on alleged negligence on the part of defendant Joseph W. Beveridge in failing to docket a decree of foreclosure and in failing to docket the deficiency judgment in a suit entitled *W. M. Lane and Elizabeth Lane v. J. E. Shears*

*and Mary Shears and Josephine Evans and H. C. Keck.*
A demurrer to the complaint was interposed by defendants, which was sustained by the trial court, and upon plaintiff's declining to further plead the action was dismissed.

After alleging the official character of defendant Joseph W. Beveridge and the corporate character of the surety company and that the surety company executed a bond in the penal sum of $25,000, as surety, for the faithful performance of the duties of county clerk, the complaint alleges, in substance, the following: That about December 22, 1924, these plaintiffs commenced a suit against J. E. Shears and Mary Shears et al. for the foreclosure of a certain mortgage given by defendants J. E. Shears and Mary Shears to secure their promissory notes held by plaintiffs; that thereafter, about December 31, 1925, judgment and decree was duly made and entered in said cause, a copy of which decree is attached to the complaint as an exhibit; that plaintiffs, in order to protect their interests in said judgment, were required to and did purchase from defendant Josephine Evans, in said former suit, all of her rights and interests in said judgment and took an assignment and are now the owners thereof; that the judgment and decree was entered in the fee book as part of the records of said court; that said defendant Joseph W. Beveridge neglected to docket said judgment and decree or to index the same in the judgment lien docket of Multnomah county, as required by law; that thereafter "the said defendant duly and regularly issued an execution, directed to the sheriff of Multnomah county, Oregon, upon said judgment and decree, and ordered a sale of the property of the said J. E. Shears and Mary Shears, described in said decree, to satisfy the said judgment"; that by

virtue thereof the sheriff of Multnomah county sold the property on February 16, 1926, for the sum of $3,961.75 over and above the costs of sale, as required by law, and returned said sum to the defendant Joseph W. Beveridge and duly executed his return, showing said sale upon execution, and filed the same with said defendant; that upon filing said return said Joseph W. Beveridge negligently and carelessly failed and neglected to docket any deficiency judgment in the lien docket of Multnomah county in favor of these plaintiffs and against said J. E. Shears and Mary Shears; that a copy of said execution is attached to the complaint; that on December 31, 1925, and up until June 14, 1926, the defendants J. E. Shears and Mary Shears were the owners of certain real property situate in the county of Multnomah, describing the same, which real property was of the reasonable value of $1,250; that by reason of defendant Joseph W. Beveridge's neglect and failure of duty, as set forth, plaintiffs acquired no lien upon or against said real property; that on June 14, 1926, J. E. Shears and Mary Shears conveyed the real property to one Fironia E. Washburn, whom plaintiffs believe had no notice or knowledge of plaintiff's decree against her grantor; that the Shears have no property within Multnomah county subject to execution; that an execution was "issued out of this court" against any property of the Shears and has been returned *nulla bona;* that plaintiffs have been damaged in the sum of $1,250, and pray judgment for said amount.

An examination of the decree in the foreclosure suit mentioned discloses that a decree was rendered in favor of defendant Josephine Evans against J. E. Shears and Mary Shears upon a promissory note and money expended under the terms of the mortgage

given to secure the same in the sum of $3,681.50, with interest, and $400 attorney's fees as a first lien upon the mortgaged property.

It was further decreed that there was due and owing plaintiffs herein by defendants J. E. Shears and Mary Shears upon the promissory notes set out in the complaint the sum of $283.33, with interest at 10 per cent. per annum from January 1, 1924, and $500, with interest at 10 per cent per annum from August 1, 1923, and $200 reasonable attorney's fees; that said amounts are a valid second lien upon the premises hereinafter set forth and described, subject only to the claim of lien of Josephine Evans as set forth therein, which amount is secured by the mortgage set forth in the complaint; that the conditions of the mortgage have been broken and both of the mortgages should be foreclosed and the premises sold "and the proceeds arising from such sale applied to and upon the payment of said sum of money due Josephine Evans as aforesaid and the balance, if any, to said sum as aforesaid due to the said plaintiffs as aforesaid who hold said second mortgage."

It was further decreed that the mortgaged premises be sold and out of the proceeds the sheriff retain his fees and pay the defendant Josephine Evans or her attorney the $400 attorney's fees and the further sum of $3,681.50, the amount due upon her mortgage, with interest, and if there be any balance, same to be paid into the clerk's office to be disposed of as the court may direct and foreclosing the other defendants and the plaintiffs W. M. Lane and Elizabeth Lane and all persons claiming under them of any and all equity of redemption through said mortgaged premises. The decree further provided that if the money arising from the sale should be insufficient to pay the amount due

the defendant Josephine Evans, with interest and costs, the sheriff specify the amount of such deficiency and balance due to the defendant Josephine Evans in his return of sale "and that on the coming in and filing of said return, the clerk of this court docket a judgment for such balance against the defendant, J. E. Shears and Mary Shears," and that said defendants pay to said defendant Josephine Evans the amount of said deficiency and judgment with interest. The decree described the land to be sold.

A careful examination of the decree in the foreclosure suit discloses that, while the amount due plaintiffs W. M. Lane and Elizabeth Lane upon their second mortgage was determined by the court in the decree and the mortgaged property was ordered to be sold to satisfy the amount, there was no judgment entered for the amount due upon plaintiffs' mortgage for the total amount, and there was no deficiency judgment ordered in favor of these plaintiffs. In framing the decree it appears to have been contemplated that the sale upon foreclosure would only satisfy the claim of defendant Josephine Evans, who held the prior lien.

█ The plaintiffs were not prejudiced by the fact that the original decree was not docketed, as that decree did not provide for judgment against J. E. Shears and Mary Shears for the amount of plaintiffs' mortgage indebtedness. It also provided for the sale of the property and made the docketing of a deficiency judgment in favor of defendant Josephine Evans contingent upon the sheriff filing a return specifying the deficiency. The county clerk cannot be charged with the negligence of the parties in the foreclosure suit in failing to foreclose the property according to the statute. That negligence, if any, was the act of the agent of plaintiffs in this suit and is chargeable to the plaintiffs. The duties

of the clerk of the county and circuit courts are prescribed by section 27-2008, Oregon Code 1930, one of which is: "To keep the journal of the proceedings of the court at its terms, and under the direction of the court, to enter its orders, judgments, and decrees."

■ The decree in the foreclosure suit did not provide for judgment against J. E. Shears and Mary Shears; therefore it did not constitute a lien against the property. The only provision we find is that the property be sold and if the sheriff's return showed a deficiency in favor of Josephine Evans that a deficiency judgment be docketed. The docketing of that decree would not have created a lien against the property and the failure to docket same would not contribute to the damage, if any, that plaintiffs sustained. It appears that the county clerk complied in every respect with the decree of the court in the foreclosure suit. The complaint does not state facts sufficient to constitute a cause of action. The demurrer was properly sustained.

Judgment of the trial court is affirmed.

BROWN, BELT and CAMPBELL, JJ., concur.